```
                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON
```

| | |
|---|---|
| JESUS G. GONZALEZ,          ) | |
|                             ) | No. CV-07-3068-CI |
|         Plaintiff,          ) | |
|                             ) | ORDER GRANTING PLAINTIFF'S |
| v.                          ) | MOTION FOR SUMMARY JUDGMENT |
|                             ) | AND REMANDING FOR ADDITIONAL |
| MICHAEL J. ASTRUE,          ) | PROCEEDINGS PURSUANT TO |
| Commissioner of Social      ) | SENTENCE FOUR 42 U.S.C. § |
| Security,                   ) | 405(g) |
|                             ) | |
|         Defendant.          ) | |
|                             ) | |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 16, 19.) Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney David M. Blume represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 5.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings.

**JURISDICTION**

Plaintiff Jesus G. Gonzalez (Plaintiff) protectively filed for Supplemental Security Income on May 25, 2005, and for disability insurance benefits (DIB) on June 6, 2005.[1] (Tr. 59.) Plaintiff

---

[1] Plaintiff previously filed applications for DIB and SSI and benefits were denied on April 3, 2001. (Tr. 50.) Plaintiff did not

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-1

alleged an onset date of March 15, 2000. (Tr. 59.) Benefits were denied initially and on reconsideration. (Tr. 40, 44.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Peter J. Baum on October 19, 2006. (Tr. 336-44.) Plaintiff was represented by counsel and testified at the hearing. The ALJ denied benefits (Tr. 11) and the Appeals Council denied review. (Tr. 4.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner and will, therefore, only be summarized here.

At the time of the hearing, Plaintiff was 44 years old. (Tr. 340.) He attended school in Mexico through third grade and cannot read or write in English. (Tr. 340.) Plaintiff's past work experience is as a logger. (Tr. 92.) He was injured on the job in March 2000, and has not worked at all since the injury. (Tr. 340-41.)

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v.*

---

appeal that decision. (Ct. Rec. 17 at 2 n.1.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-2

*Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-3

Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If

the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the

claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 15, 2000, the alleged onset of disability.  (Tr. 20.)  At steps two and three, he found plaintiff has the severe impairments of osteoarthrosis and status post left knee arthroscopy, but the impairments do not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 20.)  Next, the ALJ found Plaintiff's allegations regarding his limitations are not totally credible.  (Tr. 20.)

The ALJ then determined Plaintiff retains the residual functional capacity to perform light work.  (Tr. 20.)  The ALJ concluded:

> He can lift and carry up to 20 pounds occasionally and 10 pounds frequently, and stand, walk and sit for 6 hours in an 8-hour workday.  The claimant would further have postural limitations due to pain in the lumbar spine and left knee and should only occasionally be able to kneel and crouch.

(Tr. 20-21.)  At step four, the ALJ found Plaintiff is unable to perform his past relevant work.  (Tr. 21.)  Based on the Plaintiff's age, education, work experience and exertional capacity for light work, the ALJ concluded that Medical-Vocational Rule 202.16 directs a finding of "not disabled."  As such, the ALJ found Plaintiff was not

under a disability as defined in the Social Security Act at any time through the date of the decision.

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff argues the ALJ erred by: (1) rejecting Plaintiff's meralgia paresthetica and pain disorder as frivolous complaints; (2) failing to fully develop the record regarding Plaintiff's psychological impairments; (3) failing to include all of Plaintiff's impairments in the residual functional capacity analysis; and (4) failing to meet his step five burden. (Ct. Rec. 17 at 12.) Defendant argues the ALJ's decision was proper. (Ct. Rec. 20 at 6.)

**DISCUSSION**

**A.   Step Two**

Plaintiff argues the ALJ should have found his meralgia paresthetica and pain disorder are severe impairments. (Ct. Rec. 17 at 15.) The ALJ did not make a finding about either condition and did not address them in his opinion. It is also noted that Plaintiff has been diagnosed and treated for depression; yet the ALJ's decision did not discuss the condition.

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statements of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20. C.F.R. § 416.929. Once medical

evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

An impairment or combination of impairments may be found "not severe" *only* when evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)). If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the "not severe" step of the evaluation. S.S.R. 85-28. Step two, then, is "a de minimis screening device to dispose of groundless claims," *Smolen*, 80 F.3d at 1290, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when the conclusion is "clearly established by medical evidence." S.S.R. 85-28. On review, the question is whether there is substantial evidence to support a finding that the evidence clearly establishes the claimant does not have a medically severe impairment or combination of impairments. See *Webb*, 433 F.3d at 687; *see also Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988).

In this case, the ALJ did not address Plaintiff's diagnosed meralgia paresthetica (Tr. 258, 261, 267), pain disorder (Tr. 296) or depression (Tr. 168, 330). The ALJ did not make a finding that the conditions were "not severe"; he did not discuss them. Although he mentioned the diagnosis of a pain disorder associated with psychological factors in the general medical condition in his summary

of the medical evidence (Tr. 16), the ALJ did not evaluate its severity or reference the diagnosis in his analysis. The decision also ignores Plaintiff's depression and meralgia paresthetica.

The failure to discuss Plaintiff's meralgia paresthetica, pain disorder and depression was error. Either the conditions were overlooked or rejected as only slight abnormalities having no more than a minimal effect on Plaintiff's ability to work. If the ALJ overlooked the conditions, this was error, as there is sufficient evidence in the record to merit consideration of each of the conditions. If the ALJ rejected them as slight abnormalities but did not explain his conclusion, this was error, as the decision must be supported with specificity and substantial evidence in the record. Thus, the failure to discuss the evidence and evaluate the severity of three diagnosed conditions is error.

Plaintiff also argues that the ALJ had a duty to develop the record with respect to Plaintiff's psychological issues. (Ct. Rec. 17 at 17.) In social security proceedings, the ALJ has "a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). Although the claimant bears the burden of establishing disability, *Bowen v. Yuckert*, 482 U.S. 137, 146, (1987), the ALJ has an affirmative duty to supplement the medical record if it is incomplete before dismissing a claim at step two. *Webb*, 433 F.3d at 687 (citing 20 C.F.R. § 404.1512(e)(1); S.S.R. 96-5p). The ALJ's duty to develop the record may also be triggered when the evidence is ambiguous or the record is inadequate for proper evaluation of the evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

In this case, there is sufficient evidence to suggest that Plaintiff's mental status may affect his ability to work. On remand, the ALJ should supplement the record to the extent necessary to make proper findings about Plaintiff's psychological impairments, if any.

**B.   Residual Functional Capacity**

   **1.   Medical Evidence**

Plaintiff argues the ALJ failed to give due deference to the opinions of his treating and examining physicians. (Ct. Rec. 17 at 18.) In making a residual functional capacity determination, the ALJ must consider the opinions of acceptable medical sources about the nature and severity of the Plaintiff's impairments and limitations. 20 C.F.R. §§ 404.1527, 416.927; S.S.R. 96-2p; S.S.R. 96-6p. A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's

opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.

The ALJ cited assessments by Dr. Ho, an examining physician, and Division of Disability Determination Services (DDDS) non-examining physicians as the basis for his RFC finding. (Tr. 19.) The ALJ did not cite or assign weight to the opinion of any other treating or examining source. Plaintiff cites the opinion treating physician, Dr. Larry Lefors, and a physical capacities evaluation by physical therapist James Simmons in support of additional RFC limitations. (Ct. Rec. 17 at 18.)

Physical therapist Simmons conducted extensive physical capacity testing using a number of standardized tests. (Tr. 301-22.) He concluded Plaintiff could sit 4-6 hours, stand 6 hours, and walk 4-6 hours intermittently in an 8-hour work day. (Tr. 321.) He also concluded Plaintiff could lift and carry occasionally to frequently, depending upon the weight and height lifted and the distance carrying. (Tr. 321.) Mr. Simmons indicated Plaintiff should push and pull only occasionally; and squat, kneel, bend/stoop, crouch, climb stair/ladders, reach overhead and operate foot controls were variously limited to seldom or occasionally. (Tr. 321.) It was specifically noted, "Examiner recommends Mr. Gonzalez not frequently lift from floor or frequently push/pull." (Tr. 321.)

The evaluation by Mr. Simmons is an "other source" opinion. "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). The opinion of an acceptable medical source is given more weight than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-11

967, 970-71 (9th Cir. 1996). However, other source testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. *Nguyen v. Chater*, 100 F.3d 1462 (9th Cir. 1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

While Mr. Simmons is an "other medical source," not entitled to the same weight as a treating or examining physician, two treating physicians, Dr. Lefors and Dr. Backman, reviewed Mr. Simmons' report. Dr. Backman concurred with the report without comment. (Tr. 332.) Dr. Lefors stated that he concurred with the report partially and that he did not think Plaintiff would be able to walk 4-6 hours. (Tr. 333.)

The ALJ did not address the report by Mr. Simmons or the opinions of Dr. Backman and Dr. Lefors. He adopted the opinions of an examining physician and consulting physicians without providing specific, legitimate reasons for rejecting the opinions of the treating physicians. He did not give a germane reason for discounting Mr. Simmons' report. The opinions of Dr. Backman and Dr. Lefors along with the findings of Mr. Simmons are significant and probative, as they indicate greater limitation than found by the ALJ. The ALJ's failure to address these opinions is error.

Defendant argues that the ALJ's failure to consider the opinions of Dr. Lefors and Mr. Simmons is harmless error. Defendant asserts that if the opinions were credited, they are consistent with the ALJ's conclusion that Plaintiff could perform light work. (Ct. Rec. 20 at 12.) However, Dr. Lefors' note suggests that he believes Plaintiff is

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-12

more limited than indicated by Mr. Simmons' report; it is not a full evaluation of Plaintiff's limitations. If Dr. Lefors' opinion is credited as a matter of law, *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996), it cannot be determined what limitations he would assign to Plaintiff, only that he would assign more limitations than identified by Mr. Simmons. Therefore, the court cannot conclude that Dr. Lefors' opinion is consistent with a finding that Plaintiff can perform light work. In this case, remand is the appropriate remedy so the ALJ can properly consider the medical opinion evidence and make a new RFC finding. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 2004).

**2.  Credibility**

Although Plaintiff does not specifically challenge the credibility finding, he does assert that Plaintiff's testimony regarding his pain and limitations should have been included in the RFC determination. (Ct. Rec. 17 at 19.) In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. In making an RFC determination, the ALJ is required to take into account all of the Plaintiff's symptoms, including pain, to the extent they are reasonably consistent with the medical and other evidence in the record. 20 C.F.R. §§ 404.1529, 416.929; S.S.R. 96-8p.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-13

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) If there is evidence of a medically determinable impairment likely to cause an alleged symptom, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346. The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 599, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599.

In this case, there is no evidence of malingering, so the ALJ's

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-14

finding must be based on clear and convincing evidence. With respect to Plaintiff's credibility, the ALJ stated:

> The claimant's statements concerning his impairments and their impact on his ability to work are not entirely credible in light of the degree of medical treatment required, discrepancies between the claimant's assertions and information contained in the documentary reports, the reports of the treating and examining practitioners and the findings made on examination.

(Tr. 18.) While the ALJ did list several specific reasons for his finding, the reasons are not supported by the record and constitute error.

First, the ALJ observed that Plaintiff underwent two surgeries for his knee injury, suggesting that the symptoms were genuine. "While that fact would normally weigh in the claimant's favor, it is offset by the fact that the record reflects that the surgeries were generally successful in relieving the symptoms." (Tr. 18.) The ALJ then cited exhibits 1F and 2F which include over 100 pages of medical records documenting Plaintiff's ongoing reports of pain and weakness in his left knee. (Tr. 18, 156-276.) Indeed, the physician's report on which the ALJ relied for his RFC finding notes a limp (Tr. 166) and swelling in the left knee (Tr. 168) in addition to Plaintiff's reports of pain (Tr. 165.), evidencing that Plaintiff's symptoms were not resolved by his surgeries.

The ALJ also noted that the record reveals relatively infrequent trips to the doctor and that Plaintiff has not taken any narcotics for pain. (Tr. 18.) While it is true that there appears to be a gap in the medical record, the gap begins after Plaintiff's L&I claim was closed in 2002. Plaintiff's physical therapy and prescriptions were discontinued at that time. (Tr. 163.) It appears that Plaintiff is

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-15

without the means for frequent doctor's visits, as he is uninsured (Tr. 169) and receives state assistance. (Tr. 330.) Disability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds. *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995). Plaintiff also testified that he was advised to discontinue strong medication to avoid kidney and liver problems. (Tr. 343.)

Additionally, the ALJ cited the report of the DDDS consultant as evidence that Plaintiff is less limited than claimed. (Tr. 18.) However, as discussed elsewhere in this opinion, the ALJ's reliance on the DDDS consultant's opinion of Plaintiff's limitations was erroneous without proper consideration of the opinions of his treating and examining physicians.

The ALJ also asserts, "Despite the claimant's unremitting pain he performs a full range of activities of daily living and transports himself by car (testimony), and, at the hearing, the claimant testified that he drives his children to and from school daily." (Tr. 18.) However, the record does not reflect that Plaintiff performs "a full range of activities of daily living." He said he spends his days watching television and taking his children to and from school. (Tr. 342.) Although he handles his personal care without problem, he consistently reported that he mostly stays home and does not do any cooking, cleaning, shopping, yard work or socializing. (Tr. 163, 165, 295, 303.) The ALJ did not cite any specific activities other than driving as inconsistent with his alleged disability. Plaintiff testified that he drives his children to and from school, only a seven minute drive. (Tr. 342.) He also testified that longer drives bother

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-16

1  him.  (Tr. 342.)  There is no evidence that a small amount of driving
2  is inconsistent with Plaintiff's reported pain.  It is well-
3  established that a claimant need not "vegetate in a dark room" to be
4  deemed eligible for benefits.  *Cooper v. Bowen*, 815 F.2d 557, 561 (9th
5  Cir. 1987).  The level of activity reported by Plaintiff is not
6  inconsistent with his claimed limitations.

7  Furthermore, there are numerous positive references in the record
8  regarding Plaintiff's credibility.  The state consultative physician
9  noted, "Claimant's allegations regarding limitations from impairments
10 are mostly consistent with the evidence."  (Tr. 163.)  Dr. Ho stated,
11 "There are no significant inconsistencies and he generally exerts an
12 adequate effort."  (Tr. 166.)  Another consulting physician noted
13 Plaintiff's symptoms of pain and numbness were credible (Tr. 203) and
14 Mr. Simmons stated, "Overall test findings, in combination with
15 clinical observations, identify Mr. Gonzalez's subjective reports of
16 pain and associated disability to be both reasonable and reliable."
17 (Tr. 320.)

18 The ALJ also stated, "It is emphasized that these observations
19 are only a few among many being relied on in reaching conclusion [sic]
20 regarding the credibility of the claimant's allegations and the
21 claimant's residual functional capacity."  (Tr. 19.)  Although the ALJ
22 is not required to discuss every piece of evidence in the record, the
23 ALJ "must specifically identify the testimony she or he finds not to
24 be credible and must explain what evidence undermines the testimony."
25 *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).  It is not
26 sufficient to allude to additional supporting evidence without
27 specificity, particularly when the evidence cited as the basis for the
28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-17

credibility finding is itself insufficient.

Based on the foregoing, the ALJ's credibility finding was not supported by clear and convincing evidence and was, therefore, error.

**C.   Step Five**

Plaintiff argues the ALJ's step five analysis was improper because the ALJ made a determination of non-disability based on the Medical-Vocational Guidelines in 20 C.F.R. Part 404 Subpt. P, App. 2 ("the grids"). (Ct. Rec. 17 at 19.) The court does not reach this issue because there was error in the RFC analysis. On remand, the ALJ will make a new step five finding consistent with a new RFC determination and, if appropriate, obtain testimony from a vocational expert.

## CONCLUSION

Having reviewed the record and the ALJ's findings, it is concluded the ALJ's decision is based on legal error and not supported by substantial evidence. On remand, the ALJ will develop the record as necessary and conduct a new sequential evaluation. The ALJ will make new step two findings, new credibility findings, a new RFC determination after considering and appropriately weighing the opinion evidence, and a new step five finding after taking vocational expert testimony if appropriate. Accordingly,

**IT IS ORDERED:**

1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED.**  The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 19)** is **DENIED.**

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-18

Case 2:07-cv-03068-CI   Document 21   Filed 11/12/08

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED November 12, 2008.

<pre>
                    S/ CYNTHIA IMBROGNO
              UNITED STATES MAGISTRATE JUDGE
</pre>

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-19